# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MCCOMB, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-0155 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## Memorandum and Order

YOHN, J.                                                                                                             January ___, 2007

      Plaintiff Robert McComb appeals the decision of the Commissioner of Social Security ("the Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433.  McComb and the Commissioner have filed cross motions for summary judgment (now titled in the Clerk's standard procedural order as a Request for Review, Response and Reply).  I referred the motions to United States Magistrate Judge L. Felipe Restrepo, who submitted a report and recommendation that I grant the Commissioner's motion and affirm the Commissioner's decision.  McComb has filed objections to the report and recommendation, and the Commissioner has filed a response thereto.  For the following reasons, this court will adopt the magistrate judge's report and recommendation, grant the Commissioner's motion for summary judgment, and deny McComb's motion for summary judgment.

**I. Background**

McComb, born on January 12, 1949, was fifty-six years old at the time of his hearing for DIB. (R. 28.) He is approximately five feet and nine inches tall, and weighs about 175 to 180 pounds. (*Id*.) McComb acquired a GED in 1996 or 1997, and thereafter enrolled in courses, including a mental health social service course, at a community college in Philadelphia. (*Id*. at 29.) His past work experience includes employment as a chauffeur, an addiction counselor associate, and a roofer. (*Id*. at 30-33, 49, 92.) On March 25, 2003, McComb suffered a heart attack and underwent bypass surgery. (*Id*. at 91.)

McComb applied for DIB on February 10, 2004, alleging disability as of March 25, 2003. (*Id*.) McComb alleged disability due to his heart attack, bypass surgery, manic depression, nonfusion of the sternum, lack of concentration, memory loss, and fatigue. (*Id*.) The application was denied on June 9, 2004, and McComb timely requested a hearing. A hearing was held before an administrative law judge ("ALJ") on March 15, 2005. (*Id*. at 27-55.) McComb and his attorney, Todd M. Berk, and a vocational expert ("VE"), Mindy Lubeck, appeared at the hearing. On May 6, 2005, the ALJ issued a decision denying McComb DIB. (*Id*. at 14-22.) The ALJ found that McComb's "coronary artery bypass, Hepatitis C with cirrhosis, and nonunion of the sternum are considered 'severe' based on the requirements in the Regulations," while McComb's remaining impairments are not severe. (*Id*. at 21.) In addition, the ALJ found that although McComb has a history of bipolar disorder, it did not limit him. (*Id*.) The ALJ determined that McComb's impairments did not meet or equal one of the listed impairments in the regulations (*id*.), and that McComb's allegations regarding his limitations were only partially credible based on his noncompliance with treatment, activities consistent with sedentary work, and absence of

complaints in the medical records (*id*. at 19-20).  The ALJ concluded that because McComb could return to his past sedentary work, he was not under a "disability" as defined by the Act. (*Id*. at 21.)

McComb requested review of the ALJ's decision by the Appeals Council.  That request was denied on November 18, 2005 (*id*. at 5-8), thereby making the ALJ's decision the final decision of the Commissioner.  On January 17, 2006, McComb appealed to this court, and both parties moved for summary judgment.  In his motion for summary judgment, McComb argued that:  (1) the ALJ erred by not finding that his bilateral hearing loss, rotator cuff tear, and degenerative changes of the right shoulder are "severe impairments" (Pl.'s Mot. Summ. J. Mem. 3); (2) the ALJ erred by not including all of his limitations in the hypothetical question presented to the VE (*id*. at 7) and the ALJ's conclusion that he could return to his past sedentary work is not supported by substantial evidence (*id*.); and (3) the ALJ's credibility determination is not supported by substantial evidence (*id*. at 9).  I referred the case to Magistrate Judge Restrepo who issued a comprehensive report and recommendation that summary judgment be granted in favor of the Commissioner.  (Rep. & Recom. 1.)  McComb filed objections to the report and recommendation on November 1, 2006, and the government filed a response shortly thereafter. For the following reasons, I will adopt the report and recommendation of the magistrate judge, grant the Commissioner's motion for summary judgment, and deny McComb's motion for summary judgment.

**II.  Legal Standards**

I review *de novo* the parts of the magistrate judge's report and recommendation to which

McComb objects. 28 U.S.C. § 636(b)(1)(C). I may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.*

In contrast, a district court may not review the Commissioner's decision *de novo*. The court may only review the Commissioner's final decision to determine "whether that decision is supported by substantial evidence." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). "[S]ubstantial evidence is more than a mere scintilla." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (internal quotation omitted). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft*, 181 F.3d at 360 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In making this determination, the court must consider "the evidentiary record as a whole, not just the evidence that is consistent with the agency's finding." *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). The substantial evidence test is "deferential." *Id.* Consequently, the court "will not set the Commissioner's decision aside if it is supported by substantial evidence, even if [the court] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360.

Before a district court can review the record to determine if the Commissioner's final decision is supported by substantial evidence, the Commissioner must provide an explanation for his findings in order to allow for meaningful judicial review. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 1981) (holding that an ALJ must "set forth the reasons for his decision"). The ALJ cannot simply state a conclusion "without identifying the relevant listed impairments, discussing the evidence, or explaining his reasoning." *Burnett*, 220 F.3d at 119-120. The Third Circuit has stated that "we need from the ALJ not only an expression of the

4

evidence [he] considered, but also some indication of the evidence which was rejected" in order to determine "if significant probative evidence was not credited or simply ignored." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Without such information, the ALJ's findings are "beyond meaningful judicial review." *Burnett*, 220 F.3d at 119; *see also Cotter*, 642 F.2d at 705-06. Without the ability to meaningfully review the ALJ's conclusions, a court is compelled to "vacate and remand the case for a discussion of the evidence and an explanation of the reasoning supporting" those conclusions. *Burnett*, 220 F.3d at 120.

To determine if a claimant is disabled, the Commissioner applies a five-step process of evaluation under 20 C.F.R. § 404.1520. The first two steps of the analysis involve threshold determinations of whether the claimant is working, 20 C.F.R. § 404.1520(a), and whether the claimant's impairment is of required duration and severity to significantly limit his or her ability to work, 20 C.F.R. § 404.1520(c). The third step is comparing the evidence of medical impairment against a list of impairments that would permit the claimant to qualify for disability without further inquiry. 20 C.F.R. § 404.1520(d). If the claimant does not qualify for benefits automatically according to this list, the Commissioner proceeds to the fourth and fifth steps of the analysis. In the fourth step, the Commissioner determines whether the claimant retains the residual functional capacity to perform work similar to that which he or she has performed in the past. 20 C.F.R. § 404.1520(e). In the fifth and final step, if the Commissioner finds that the claimant is unable to perform any other work that exists in the national or regional economies, she must find the claimant to be disabled. 20 C.F.R. § 404.1520(f); *see also Sullivan v. Zebley*, 493 U.S. 521, 525 (1990) (expounding on the application of this five-step process).

**III.  Discussion**

McComb presents this court with three objections to the report and recommendation. First, McComb contends that the ALJ's finding that he can return to his previous sedentary employment is not supported by substantial evidence because the ALJ committed legal error by failing to include all impairments in the hypothetical question posed to the VE.  (Pl.'s Obj.'s 1-5.)  Second, McComb argues that the ALJ's finding that his allegations are only partially credible is not supported by substantial evidence.  (*Id*. at 5-7.)  In his last objection, McComb broadly asserts, without proffering support or argument, that substantial evidence does not exist to support the ALJ's finding that he was not under a "disability" as defined by the Act.  (*Id*. at 7.)  Because I conclude that the ALJ's findings and decision are supported by substantial evidence from the record, I will overrule McComb's objections.

**A.  Whether the ALJ erred by not including all of McComb's impairments in the hypothetical question posed to the VE**

McComb argues that the ALJ legally erred by not including all of his impairments in the hypothetical question posed to the VE; therefore, the ALJ's finding that McComb retains the ability to return to his past sedentary work is not supported by substantial evidence.  Specifically, McComb contends that the ALJ should have included McComb's non-severe mental and hearing impairments in the hypothetical question.  The report and recommendation concluded that McComb's argument is without merit.  This court agrees.

The ALJ's decision shows that in making his assessment at step four of the disability analysis–whether McComb can return to his past sedentary employment as an addiction counselor associate–the ALJ considered all of McComb's impairments.  In step three of his

analysis, the ALJ specifically addressed McComb's mental and hearing impairments, finding them both to be non-severe.[1]  Next, in beginning his analysis under step four, the ALJ recognized that he needed to consider "the effects of physical *and*/or mental limitations that affect the ability to perform work-related tasks" (R. 19 (emphasis added)), and "must consider *all* symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . and any medical opinions . . ." (*id*. (emphasis added)).  Thereafter, the ALJ proceeded with a very comprehensive analysis of McComb's coronary artery disease, residual functional capacity, non-union of the sternum, his testimony concerning his activities and extensive travels, Hepatitis C and noncompliance with his treatment.  (*Id*. at 19-20.)  The ALJ previously analyzed McComb's very limited impairment of hearing and his non-limiting bipolar disorder.  (*Id*. at 17-18.)  Thus, this court finds that the ALJ thoroughly considered all of McComb's impairments in concluding that he retains the ability to perform his past sedentary employment.

Further, McComb's argument with regard to the ALJ's hypothetical question to the VE is flawed because the ALJ was not required to consider the VE's testimony at step four of the disability analysis and, indeed, the decision of the ALJ shows that he did not place any weight on the hypothetical question asked of the VE.  As the report and recommendation correctly noted, the ALJ's analysis came to an end after finding that McComb could return to his past sedentary employment–step four of the disability analysis.  At this step, McComb had the burden of demonstrating that he was unable to return to his past work.  *See Bowen v. Yuckert*, 482 U.S.

---

[1]McComb does not object to the magistrate judge's conclusion that substantial evidence supports the ALJ's finding that McComb's mental and hearing impairments are non-severe.  (*See* Rep. & Recom. 7, 9.)  This court agrees as well with the magistrate judge's conclusion.

137, 146 n.5 (1987) (stating the claimant bears the burden of showing "at step four that the impairment prevents him from performing his past work"); *see also Boone v. Barnhart*, 353 F.3d 203, 205 n.4 (3d Cir. 2003). The ALJ found that McComb failed to meet that burden. Under 20 C.F.R. § 404.1520, the ALJ can make that determination based solely on the residual functional capacity. 20 C.F.R. § 404.1520(e), (f). The duty to pose hypothetical questions to the VE does not arise until step five of the disability analysis. *See Balanian v. Barnhart*, 2005 U.S. Dist. LEXIS 26233, at *13 (E.D. Pa. Nov. 2, 2005). Thus, this court rejects McComb's argument with regard to the ALJ's hypothetical question and concludes that the ALJ's finding that McComb retains the ability to return to his past sedentary employment is supported by substantial evidence.

**B.  Whether the ALJ erred in finding McComb partially not credible**

McComb contends that the ALJ erred in finding his allegations with regard to fatigue not credible. This court will ordinarily "defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess a witness's demeanor." *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003) (citing *Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001)). In the instant action, this court concludes that the ALJ's credibility determination is supported by substantial evidence. In making his determination, the ALJ noted that medical records and McComb's own statements contradicted his allegations of fatigue. (R. 19-20.) For example, the ALJ found that "on June 16, 2003, [McComb] admitted that he can lift up to 10 pounds and walk up to 2 blocks as well as perform light dusting and laundry," and noted that McComb testified at his hearing that he performs activities consistent with sedentary work. (*Id.* at 20.) In addition, the ALJ found that McComb was non-compliant with his treatment, such as

by "not attending prescribed physical therapy" and not filling his prescriptions. (*Id*.) The ALJ concluded that McComb's:

> claims pertaining to fatigue are not credible. Although [his] liver disease could possibly cause fatigue, there are no such complaints noted in the medical documentation. Also, [his] failure to seek treatment for long periods of time from his Hepatitis specialist, indicate no real concern regarding this condition. Lastly, [his] liver biopsy of July 1997, showing mild activity regarding his cirrhosis is very similar to the March 2005 CT scan showing mild cirrhosis. Thus it appears [his] condition has not progressed in years.

(*Id*.) As shown above, the ALJ expressly justified his credibility determination. Therefore, I find that the ALJ's finding that McComb's allegations of fatigue are not credible is supported by substantial evidence from the record.

## C. Whether substantial evidence supports the ALJ's finding that McComb was not disabled under the Act

In his last objection, McComb broadly asserts that the ALJ's finding that he was not under a "disability" as defined by the Act is not supported by substantial evidence.[2] I disagree. The ALJ supported his decision with findings and conclusions that are accompanied by a thorough analysis of McComb's allegations, impairments, and medical records. (R. 16-22.) As stated above, the ALJ's findings on credibility and McComb's ability to return to his prior sedentary employment are supported by substantial evidence from the record. A claimant who retains the ability to perform his past relevant work is not under a "disability" as defined by the Act. *See* 20 C.F.R. § 404.1520(f). Therefore, I conclude that the ALJ's finding that McComb was not under a "disability" as defined by the Act is supported by substantial evidence.

---

[2]McComb's last objection, in its entirety, states: "The Commissioner's finding that Plaintiff is not disabled is not supported by substantial evidence. This finding was adopted by the Magistrate Judge." (Pl.'s Obj.'s 7.)

9

**IV.  Conclusion**

For the aforementioned reasons, I conclude that the ALJ's decision denying McComb DIB is supported by substantial evidence from the record.  Therefore, I will overrule McComb's objections and adopt the report and recommendation of Magistrate Judge Restrepo.  Further, I will deny McComb's motion for summary judgment and will grant the Commissioner's motion for summary judgment.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MCCOMB, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-0155 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## Order

YOHN, J.

     AND NOW, this _____ day of January 2007, upon consideration of the parties' cross-motions for summary judgment, and after careful and independent review of United States Magistrate Judge L. Felipe Restrepo's report and recommendation, plaintiff's objections, and the Commissioner's response thereto, it is hereby ORDERED that:

    1. Plaintiff's objections are OVERRULED.

    2. The Report of Magistrate Judge Restrepo is APPROVED and ADOPTED.

    3. Plaintiff's motion for summary judgment is DENIED.

    4. Defendant's motion for summary judgment is GRANTED.

    5. The final decision of the Commissioner is Affimed and Judgment is entered in favor of defendant and against plaintiff.

                                                      s/ William H. Yohn Jr.

                                                       William H. Yohn Jr., Judge